**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4972**

_____

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

      v.

ANA RODRIGUEZ,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, Chief District Judge. (4:10-cr-00025-FL-1)

_____

Submitted: May 31, 2011            Decided: June 22, 2011

_____

Before NIEMEYER, GREGORY, and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, James E. Todd, Jr., Research and Writing Attorney, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ana Rodriguez appeals from her eighteen-month sentence imposed upon revocation of her supervised release. On appeal, she asserts that her sentence is procedurally and substantively unreasonable. We affirm.

Rodriguez contends that her sentence was procedurally unreasonable for three reasons. First, she argues that the court did not provide sufficient reasoning for its sentence. Second, she maintains that the court relied on a nonmandatory Guidelines policy statement to run the violation sentence consecutive to the sentence on new criminal conduct alleged in a separate North Carolina indictment. And third, Rodriguez asserts that the court improperly used the revocation sentence to punish her for the new criminal conduct. Rodriguez also states on appeal that the sentence imposed exceeded a term of imprisonment sufficient but not greater than necessary to achieve the purposes of sentencing.

A sentence imposed after revocation of supervised release should be affirmed if it is within the applicable statutory maximum and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). In making this determination, the court first considers whether the sentence is unreasonable. Id. at 438. "This initial inquiry takes a more deferential appellate posture concerning issues of

2

fact and the exercise of discretion than reasonableness review for guidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007).  In making its review, the court "follow[s] generally the procedural and substantive considerations that [are] employ[ed] in [the] review of original sentences, . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences." Crudup, 461 F.3d at 438-39.

A sentence imposed upon revocation of release is procedurally reasonable if the district court considered the Chapter Seven policy statements and the 18 U.S.C. § 3553(a) (2006) factors that it is permitted to consider. See 18 U.S.C. § 3583(e) (2006); Crudup, 461 F.3d at 438-40.  A sentence imposed upon revocation of release is substantively reasonable if the district court stated a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440.  A reviewing court should affirm if the sentence is not unreasonable. Id. at 439. Only if a sentence is found procedurally or substantively unreasonable will the court "decide whether the sentence is plainly unreasonable." Id.  "[T]he court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum." Id.

3

When imposing sentence, the district court must provide individualized reasoning:

> The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority. . . . Where the defendant . . . presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the party's arguments and explain why he has rejected those arguments.

United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). The Carter rationale applies to revocation hearings; however, "[a] court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post conviction sentence." United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010).

Here, the district court considered Rodriguez's argument for a concurrent sentence and rejected it. The court noted that the decision to run the revocation sentence concurrently or consecutively to the sentence for the new criminal conduct was within its discretion and that it was exercising its discretion to impose a consecutive sentence. There is no error on this basis. The court explicitly considered the Guidelines range and the § 3553 factors that it was permitted to consider. Although Rodriguez argues that her sentence punishes her for the new criminal conduct alleged in the North Carolina indictment, the court did not make any

4

statements in this regard. This speculative argument does not support a procedural sentencing error. As such, we conclude that Rodriguez's sentence was procedurally reasonable.

We next turn to the substantive reasonableness of Rodriguez's sentence. Given the court's broad discretion, we conclude that the reasons stated were substantively sufficient. The court rejected Rodriguez's request for a concurrent sentence after hearing argument and considering Rodriguez's concession that she continued the cigarette trafficking conspiracy while on supervised release. Thus, imposition of the eighteen-month sentence for Rodriguez's violation of supervised release was not an abuse of discretion.

Moreover, Rodriguez faces a heavy burden in challenging her sentence. Even if she could establish that her sentence was unreasonable, she would still need to show that it was plainly unreasonable. A sentence is "plainly unreasonable" if it "run[s] afoul of clearly settled law." Thompson, 595 F.3d at 548. Rodriguez has not cited clearly settled law that was violated by the district court's sentence, and the record does not reveal any such obvious error.

We therefore affirm the sentence imposed upon revocation of supervised release. We dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED